# Appeal of Conners, et al.

103 356
164 414

103 356
f226 ¹282

1. Although legislative authority be given to impose a tax for a certain purpose, yet if the tax levied be clearly in excess of the sum required for the purpose, a court of equity will enjoin its collection to the extent of the excess.

2. A building tax of a school district cannot be used for ordinary school purposes, and where such a building tax was levied for the purpose of using a portion thereof to pay a deficit in the general fund for the preceding year, which deficit was due to the expense incurred in erecting and furnishing a new school building, there being in said preceding year no building fund: *Held*, that the levying and collection of such tax would be enjoined.

April 17th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

[Conners' Appeal.]

APPEAL from a decree of the Court of Common Pleas of *Schuylkill county:* Of January Term 1883, No. 371.

This was an appeal by Thomas Conners, et al., from the same decree as is set forth in the preceding report of the Appeal of the Delano Land Company, et al., where the facts of the case and the opinion of the court are fully reported. The appellants in this appeal assigned for error the action of the court in enjoining the defendants (1) from collecting a greater building tax than four-fifths of a mill, and (2) from levying and collecting so much of the building tax " as is intended to repay to the general fund the $780 paid by it for building and furniture in 1881-2."

*James B. Reilly* (with him *James F. Grady* and *Charles W. Wells*), for the appellants.—Where the proper authorities, in the lawful exercise of their discretion, levy a tax, a court of equity has no power to restrain the collection of such tax merely upon the ground that the tax was in excess of the amount required for the purpose for which it was intended : Wharton *v.* School Directors, 6 Wr. 358 ; Iron City Bank *v.* Pittsburg, 1 Wr. 340 ; Truesdell's Appeal, 8 Smith 148 ; Moore *v.* School Directors, 9 Id. 232.

*William B. Wells,* for the appellees, cited German School District *v.* Sangston, 24 P. F. S. 454 ; St. Clair School Board's Appeal, Id. 256–7.

The opinion of the court was filed May 7th 1883.

PER CURIAM. Although legislative authority be given to impose a tax for a certain purpose, yet if the tax levied be clearly in excess of the sum required for that purpose, its collection may be enjoined : St. Clair School Board's Appeal, 24 P. F. Smith 252. When the tax is levied without authority of law the right to enjoin against its collection is undoubted. Here the attempt was to levy and collect a building tax in one year, for the purpose of using a portion thus collected to pay a deficit in the general fund for the preceding year. It is settled that the building tax of a school district cannot be diverted to ordinary school purposes : German Township School District *v.* Sangston, Id. 454. The court was clearly right in enjoining the collection of so much of the tax levied for building purposes, as was not needed or intended to be used therefor. When levied as a building tax it must be used in good faith for that purpose alone. Although in form, it may be levied for that purpose, yet, if in fact, there is no expectation or intention of so using the greater portion thereof, such excess is without

authority of law.    The rights of tax payers cannot thus be set at nought, and their property be taken from them.

Decree affirmed and appeal dismissed at the costs of the appellants.