## City of Philadelphia, Appellant, *v.* Rottner.

*Taxes—Assessments—Illegal assessments—Act of June 17, 1923, P. L. 507—Evidence—Failure to appeal from illegal assessment—Effect.*

In an action of assumpsit by a municipality to recover the amount of a tax assessed under the Act of June 17, 1913, P. L. 507, a finding for the defendant will be sustained, where the evidence disclosed that the defendant was not a resident of the city during the year for which the tax was levied.

In such case the failure of the defendant to appeal will not deprive him of his right to question the validity of the assessment in an action of assumpsit to recover the tax.

Argued December 14, 1926. Appeal No. 312, October T., 1926, by plaintiff from judgment of M. C. Philadelphia County, May T., 1925, No. 558, in the case of City of Philadelphia v. Chester D. Rottner. Before PORTER,

P. J., HENDERSON, TREXLER, KELLER, LINN and CUN-
NINGHAM, JJ.   Affirmed.

Assumpsit to recover the amount of tax assessed
under the Act of June 17, 1913, P. L. 507.   Before
CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The Court found for the defendant.   Plaintiff ap-
pealed.

*Errors assigned,* were various ruling on evidence
and the finding of the Court.

*William Biggerstaff,* Assistant City Solicitor, and
with him *Joseph P. Gaffney,* City Solicitor, for appel-
lant, cited: Stratford v. Franklin Paper Mills Com-
pany, 257 Pa. 163; VanNort's Appeal, 121 Pa. 118;
Williamson's Estate, 153 Pa. 508; Moore v. Taylor,
147 Pa. 481.

*Charles Myers,* and with him *Francis B. Biddle* and
*Barnes, Biddle & Morris,* for appellee, cited: Provident
Life & Trust Co. v. Klemmer et al., 257 Pa. 91; Phila-
delphia Co. for Guaranteeing Mortgages v. Guaranty
Realty Company, 78 Pa. Superior Ct. 258; Arthur v.
School District, 164 Pa. 410; School Directors v. Car-
lisle Bank, 8 Watts 289; Witman v. Reading City, 169
Pa. 375.

OPINION BY TREXLER, J., March 3, 1927:

The defendant was assessed under the Act of June
17, 1913, P. L. 507 and its supplements, a tax of four
mills for the year 1923 on a mortgage held by him on
property located in the City of Philadelphia.   Demand
was made for the tax and he refused to pay, where-
upon the City of Philadelphia brought this suit in

assumpsit. At the trial which was had by the judge without a jury, the defendant definitely established the fact that he was not a resident of Philadelphia in 1923 and the court so found.

Section 2 of the above act provides that every "taxable" person shall be furnished with blanks "in his respective ward." Section 5 provides that upon the refusal or failure of any "taxable" person to make a return within ten days after being notified, it shall be the duty of the assessor to make a return for such taxable person. Section 7 requires the Recorder of Deeds to keep a record of the precise residence of the mortgagees. Section 9 provides for the certifying to the county of their actual residence, the names of non-resident mortgagees. It is evident, therefore, that the tax on personal property is assessable only on residents and that the proof of non-residence in the present case exonerated the defendant from the tax, unless the defendant was prevented from making that defense by reason of something that had happened or something that he had done.

The City seeks to overcome the effect of the proof of non-residence by urging that there is the presumption of the regularity in the assessment and that the defendant has waived his right to any defense because after notice of the assessment of the tax, he did not appeal. That the appeal is the only remedy afforded to the taxpayer and is exclusive.

The tax, as stated before, is only assessable upon residents. The tax, therefore, in the present case, was levied against a person who was not liable and against whose personal property the county has no authority to assess a tax. The fact that he failed to appeal from the assessment, it seems did not deprive him of his right to question the validity of assessment in an action in assumpsit such as was brought. The question was decided in the case of Arthur v. School District, 164 Pa.

410. We quote from that case: "The power of borough and township officers to levy taxes upon persons and property rests upon residence and location. The persons who live within the borough, and the lands inclosed by its lines, are subject to the jurisdiction of the borough and its officers. Persons and property located in some other borough or township are subject to the jurisdiction of the town or borough in which they belong ...... The learned judge of the court below held that the remedy for the plaintiff was by an appeal from the assessment, and that having neglected this he was now remediless. But from what could he appeal? ...... A taxpayer is not bound to anticipate that the officers will violate the law or attempt to enforce the collection of a tax which they have no power to impose. When they do this he has a clear right to relief by injunction to restrain the illegal act: Markoe v. Hartranft, 15 Am. L. Reg. 487; Campbell v. Campbell, 26 Leg. Int. 261; Conners' Appeal, 103 Pa. 357; Harper's Appeal, 109 Pa. 9; Philadelphia v. Kolb filed January 31, 1927 in the Supreme Court. When the act of the taxing officers complained of is lawful, but is done in an oppressive or unfair manner, the remedy is by appeal. But if the officers are without jurisdiction and the act is illegal, as in the case before us, the proper remedy is by injunction." "Where there is a want of power to tax or the tax is levied without authority of law, a bill in equity will lie to restrain its collection." Pittsburgh A. & M. Ry. Co. v. Stowe Twp., 252 Pa. 149, 155.

The tax in question was a county tax. It is so stated in Section 1 of the above act which provides "that none of the classes of property made taxable by this section for county purposes, and, in cities coextensive with counties, for city and county purposes, shall be taxed or taxable for any other local purpose

or for State purposes under the laws of this Common-wealth.''

When the taxing officers seek to collect an unlawful tax by the special means given tax collectors under the act or otherwise, the remedy to prevent such a collection is by injunction, but we see no reason why a party assessed with illegal tax may not raise such defense to an action in assumpsit. Witman v. Reading City, 169 Pa. 375, 387. The lower court was right in holding that there was no such a thing as an estoppel in the case; that the plaintiff was without right to assess the tax. The basis of the plaintiff's case resting upon a thing without legal sanction, he cannot build a right upon it which can be enforced at law.

The judgment of the lower court is affirmed.