## Frederick's Estate

Before Lamorelle, P. J., Van Dusen, Stearne, Sinkler and Klein, JJ.

*David J. Smyth*, city solicitor, and *Samuel Feldman* and *William T. Cooper*, assistant city solicitors, for exceptant.

*Joseph P. Gaffney*, contra.

KLEIN, J., June 14, 1935.—Our review of the record of prior adjudications in this estate discloses material facts which were not brought to the attention of the auditing judge. Therefore, at his request, we have referred back to him for further consideration the matters involved in the exceptions filed by the executors and the children of Charles H. Frederick, a son of the testatrix.

The exceptions filed by the City of Philadelphia remain for our consideration.

At the audit, the city presented a claim for personal property tax assessed against the estate, allegedly pursuant to the provisions of the Act of June 17, 1913, P. L. 507, as amended by the Act of May 13, 1927, P. L. 985. The assessment was "put on" by the personal property assessors, no tax return having been filed by the accountant. It was based upon a judgment against the city obtained by the estate in a land condemnation proceeding. A mandamus was subsequently issued. However, in their paper books, counsel for the city have stated that no claim for tax is being made on the mandamus.

The sole question therefore is whether the assessment on the judgment can be maintained.

The accountant resisted the city's attempt to collect the tax, contending that the judgment against the city is not subject to the personal property tax.

This question has apparently never been decided, as learned counsel for the litigants have been unable to furnish the court with citations of any case on point.

We are of opinion that the city has failed to show that the judgment which it is attempting to tax falls within the class of property specified in the Act of 1913, as amended. The act, in section 1, specifies the forms of property to which it applies as follows:

"All mortgages; all money owing by solvent debtors, whether by promissory note, or penal or single bill, bond or judgment; all articles of agreement and accounts bearing interest; all public loans whatsoever, except those issued by this Commonwealth or the United States. . . ."

It is asserted that a judgment recovered against the city is taxable either as "money owing by solvent debtors . . . by . . . judgment" or as "accounts bearing interest". With this construction, we cannot agree.

It seems clear that the clause "all money owing by solvent debtors whether by promissory note, or penal or

single bill, bond or judgment" is intended to apply to obligations of private individuals or associations. And the clause "all articles of agreement and accounts bearing interest" obviously applies only to indebtedness growing out of business transactions.

We regard the clause "all public loans whatsoever, except those issued by this Commonwealth or the United States" as being intended to be inclusive of all taxable public obligations. And clearly a "judgment" is not a "public loan." To construe the clauses preceding the clause on public loans to include judgment against the city would be to disregard the legislative attempt to confine taxable public obligations to those included in the term "all public loans." Further, it would produce a harsh and unreasonable result. To permit the city to collect a tax upon a judgment rendered against it as the result of its failure to meet its obligations to pay just compensation upon the taking of property would be incongruous.

In In re Foster's Petition, 243 Pa. 92 (1914), Mr. Justice Mestrezat, speaking for a unanimous court said, at page 98:

"If the wording of that part of the statute relied on by the appellant is to be followed and construed literally, there is ground for his contention. This interpretation, however, overlooks and disregards certain well settled rules of statutory construction. Where an adherence to the strict letter would lead to injustice, to absurdity, or to contradictory provisions, the duty devolves upon the court of ascertaining the true meaning: 36 Cyc. 1107. It is fundamental that if, giving to the words of an act their literal or natural meaning, the conclusion reached would be unreasonable or absurd, some other meaning within the reasonable scope of the words may be adopted to avoid that result, if it appears that such other meaning may probably have been the one intended: Rossmiller v. State (Wis.), 91 Am. St. Rep. 910, 913. It is a settled

rule of construction that the legislature will be presumed to have intended what is reasonable and effectual, and not what is productive of absurd or anomalous consequences".

We are therefore in accord with the ruling of the auditing judge that the City of Philadelphia is without power to tax the judgment against the city obtained by the estate.

In the argument before the court en banc counsel for the city argued for the first time that this court is without jurisdiction to question the assessment made in this case since the accountant is limited to the remedy outlined in the act levying the tax, that is, an appeal from the action of the board of revision of taxes to the common pleas court.

They cite a line of cases including Hughes v. Kline, 30 Pa. 227 (1858), and Stratford v. Franklin Paper Mills Co., 257 Pa. 163 (1917), which hold that where in any given case the taxing authorities have general power to assess the subject matter involved, an assessment made in manner and form authorized by law cannot be questioned or set aside except in the way provided in the statute. They rely upon these cases to establish their contention that the assessment made in this case cannot be attacked collaterally.

After a careful study of these cases, we must conclude that the principles enunciated therein do not govern the instant case. They deal with situations where the form of property is subject to tax but the reasonableness or correctness of the assessment is challenged. In such cases, the taxpayer is clearly restricted to the procedure outlined in the statute which provides for the tax. But in the case before us there is a complete lack of authority in the taxing officials of the City of Philadelphia to assess the tax in question.

The law is well settled that if there is a want of power to tax, or if the tax is levied without authority of law, a

bill in equity will lie to restrain its collection: Pittsburgh, Allegheny, and McKees Rock Ry. Co. v. Stowe Township, 252 Pa. 149 (1916); City of Philadelphia v. Rottner, 90 Pa. Superior Ct. 262 (1927).

When the act of tax officers is lawful, but is done in an oppressive or unfair manner, the taxpayer's remedy is by the appeal provided by the statute. The tax officers' act cannot be attacked collaterally. But when tax officers attempt to enforce collection of taxes which they have no power to impose, the situation is different. Collateral attack is permissible. Thus, there is a clear right to an injunction to restrain such illegal act: Conner's Appeal, 103 Pa. 356 (1883); Appeal of Harper et al., 109 Pa. 9 (1885); Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., 116 Pa. Superior Ct. 101 (1935).

A party assessed with an illegal tax may also attack such assessment by way of defense to an action in assumpsit: Witman et al. v. City of Reading, 169 Pa. 375, 387 (1895); City of Philadelphia v. Rottner, 90 Pa. Superior Ct. 262, 266 (1927).

The presentation of a claim against a decedent's estate in the orphans' court is analogous to a suit in assumpsit. The entry by the city of its claim against the estate gives this court full jurisdiction over the subject matter of the dispute.

The auditing judge committed no error in dismissing the city's claim. In the language of Judge Trexler in City of Philadelphia v. Rottner, supra, "The basis of the plaintiff's case resting upon a thing without legal sanction, he cannot build a right upon it which can be enforced by law."

The exceptions of the City of Philadelphia are dismissed and the adjudication is confirmed absolutely, except as to the matters involved in the exceptions filed by the executors and the children of Charles H. Frederick, which are referred back to the auditing judge for further consideration.