CORPORATION COMMISSION OF OKLAHOMA ET AL. *v.* CARY, TRUSTEE.

No. 124. Argued December 13, 1935.—Decided December 23, 1935.

Mr. *Holmes Baldridge* for appellants.

*Messrs. Streeter B. Flynn* and *Robert M. Rainey* for appellee.

456

Per Curiam.

This suit was brought in the United States District Court for the Western District of Oklahoma to restrain the enforcement of an order of the Corporation Commission of that State reducing gas rates. Plaintiff, trustee of the properties of the Consolidated Gas Service Company, alleged that the order was confiscatory and violated the due process clause of the Fourteenth Amendment of the Constitution of the United States. Application for an interlocutory injunction was brought before the District Court composed of three judges. 28 U. S. C. 380. Defendants, the Corporation Commission and its members, moved to dismiss the complaint upon the ground that the court was without jurisdiction, by reason of the terms of the Act of Congress of May 14, 1934 (48 Stat. 775) which provide that no District Court shall have jurisdiction to restrain the enforcement of an order of an administrative board or commission of a State—

" where jurisdiction is based solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

Plaintiff contended that the constitution and laws of Oklahoma did not afford an opportunity for judicial review in the courts of the State of orders affecting rates for the transportation and sale of gas. The District Court considered the provision of the Constitution of Oklahoma creating the Corporation Commission and providing for review of its orders (Const. Okla., Art. IX, §§ 20, 23, 35),

the state legislation with respect to appeals from orders affecting gas rates (Laws of 1913, chap. 93, § 5), and the pertinent decisions of the Supreme Court of the State. The District Court found that it had been repeatedly held by the state court that the reviewing power conferred upon it by the provision of the state constitution was legislative in character (compare *Oklahoma Natural Gas Co.* v. *Russell*, 261 U. S. 290, 291); and upon the question whether any opportunity was afforded in the courts of the State for a judicial review of an order of the Commission, the District Court found serious uncertainty because of " diametrically opposed decisions " of the state court. And as it did not appear that " a plain, speedy, and efficient remedy " could be had " at law or in equity in the courts of such State," the District Court took jurisdiction and granted an injunction pending a hearing upon the merits. 9 F. Supp. 709.

We find no error in that action. An examination of the decisions of the Supreme Court of Oklahoma confirms the conclusion reached by the court below as to the uncertainty with which it was confronted and the consequent lack of the effective judicial remedy in the state courts which was contemplated by the Act of May 14, 1934. The question presented on this appeal from the interlocutory order is whether the District Court had jurisdiction, and, if so, whether it abused its discretion in issuing the injunction. *Alabama* v. *United States,* 279 U. S. 229, 231; *National Fire Ins. Co.* v. *Thompson,* 281 U. S. 331, 338; *United Fuel Gas Co.* v. *Public Service Comm'n,* 278 U. S. 322, 326, 327; *Baldwin* v. *G. A. F. Seelig, Inc.,* 293 U. S. 522. Appellants' counsel invoke the decision of the Supreme Court of Oklahoma in *Oklahoma Cotton Ginners' Assn.* v. *State,* 174 Okla. 243, but it is unnecessary to analyze that decision or to attempt to determine its import in relation to subsequent litigation, as the decision was rendered after this suit was brought and the interlocutory injunction had been

granted. The jurisdiction of the District Court had already attached and there is no ground for concluding that the granting of the injunction was an improvident exercise of judicial discretion.

The decree is

*Affirmed.*