**PHIPPS et al. v. SCHOOL DIST. OF PITTSBURGH et al.**

**No. 160.**

District Court, W. D. Pennsylvania.

Feb. 21, 1939.

Stewart & Lewis, of Pittsburgh, Pa. (W. Denning Stewart, Mahlon E. Lewis, and Harold R. Schmidt, all of Pittsburgh, Pa., of counsel), for plaintiffs.

N. R. Criss, of Pittsburgh, Pa., for defendant School District.

Smith, Buchanan & Ingersoll, of Pittsburgh, Pa. (John G. Buchanan, and David B. Buerger, both of Pittsburgh, Pa., of counsel), for other defendants.

SCHOONMAKER, District Judge.

In this action the plaintiffs are seeking to restrain the defendants from levying and collecting a school tax in the City of Pittsburgh for the years 1937 and 1938 in excess of 8½ mills, and also to enjoin and restrain the levying and collection of a school tax in the City of Pittsburgh for the year 1939 of 12¼ mills.

The jurisdiction of this court is alleged to arise by reason of diversity of citizenship, the amount in controversy, and also by reason of the alleged violation of the rights of plaintiffs guaranteed by the 14th Amendment to the Federal Constitution, U.S.C.A.

The defendants have moved to dismiss, on the ground that this court has no jurisdiction by reason of the Act of August 21, 1937, c. 726, § 1, 50 Stat. 738, 28 U.S.C.A. § 41(1), amending Section 24(1) of the Judicial Code. This amendment provides:

"Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

There is no allegation in the bill of complaint that a plain, speedy, and efficient remedy may not be had either in law or in equity in the state courts of Pennsylvania. There is no question, and it was conceded at the argument of this case, that the plaintiffs would have no remedy at law in the courts of Pennsylvania, because they could not pay the tax and then sue to recover it.

But it is our view that the courts of Pennsylvania will in a proper case restrain the collection of tax levied without authority of law. See St. Clair School Board's Appeal, 74 Pa. 252, 256; Conner's Appeal, 103 Pa. 356, 357; Susman v. Board of Public Education, D.C., 228 F. 217, 220. In fact, it was stated on the argument of this motion to dismiss that, on the same day the present action was commenced in this court, an action was brought in the Court of Common Pleas of Allegheny County, Pennsylvania, No. 3422 January Term, 1939, to restrain the collection of this same school tax for the year 1939. Our view is that remedy in a Pennsylvania court would be plain, speedy, and efficient.

Counsel for plaintiffs argue that because the Supreme Court of Pennsylvania, in the case of Wilson v. School District of Philadelphia, 328 Pa. 225, 195 A. 90, 113 A.L.R. 1401, held the Act under which the 1937 and 1938 taxes were levied to be unconstitutional, but refused, for equitable considerations found to exist in that case, to grant injunctive relief, there is no efficient remedy in the state courts of Pennsylvania for the plaintiffs in the instant suit.

We cannot agree to this. Wilson secured a ruling by the Supreme Court of Pennsylvania on his cause of complaint. It was not the relief he asked for; it was the judgment the court believed him to be entitled to. If a Federal question were involved in that case, it might have been appealed to the Supreme Court of the United States.

The Act of August 21, 1937, was applied by a three-judge statutory court in the case of Sears, Roebuck & Co. v. Roddewig, D.C., 24 F.Supp. 321, where a bill was filed to restrain the enforcement of the Use Tax Act of Iowa.

In the case of Mississippi Power & Light Co. v. Jackson, 9 F.Supp. 564, the District Court for Mississippi dismissed for want of jurisdiction a bill to restrain the reducing of electricity rates, holding that the state courts had independent equitable jurisdiction to prevent by injunction the enforcement of ordinances which were void because confiscatory.

In East Ohio Gas Co. v. City of Cleveland, 23 F.Supp. 965, the District Court of the Northern District of Ohio dismissed a bill to enjoin enforcement of confiscatory gas rates imposed by the city council, holding that if the ordinance led to confiscation of its property, it was the duty of the state courts' to protect the plaintiff's rights; and to that end they had equal equity powers to afford relief, as the Federal court would have had if it had not been deprived of jurisdiction.

In the case of New Jersey Suburban Water Co. v. Board of Public Utility Commissioners, D.C., 23 F.Supp. 752, a three-judge statutory court in the District of New Jersey dismissed for lack of jurisdiction a bill to enforce an ordinance fixing water-rates, holding that an efficient remedy was provided in the state courts of New Jersey.

Counsel for the plaintiffs rely on Mountain States Power Co. v. Public Service Commission, 299 U.S. 167, 55 S.Ct. 168, 79 L.Ed. 99, as sustaining the contention the suit will lie in the instant case. We cannot see that that case is in point, because in Montana a state statute specifically deprived the state courts of power to suspend the rates prior to final determination. They also rely on Corporation Commission v. Cary, 296 U.S. 452, 56 S.Ct. 300, 80 L.Ed. 324, where the Federal court had jurisdiction, because in Oklahoma the state courts, in reviewing public utility rates, possessed legislative rather than judicial powers, and therefore there was no judicial remedy whatever. Consequently, this case would not be in point.

The plaintiffs also cite the case of City of Springfield v. United States, 1 Cir., 99 F.2d 860, in which the District Court took jurisdiction of an action by the United States to restrain the City of Spring-field from collecting a tax on property owned by the United States. But that case does not support plaintiff's contention, for the court there held that there was no plain, speedy, and efficient remedy afforded by the possibility that either a suit at law or in equity by the United States would be entertained in the state courts; and it was questionable whether the Act applied to suits by the United States at all.

We hold that we are without jurisdiction in the instant suit. A motion to dismiss will be granted. An order may be submitted accordingly.