**GUERRA v. CITY OF PHILADELPHIA et al.**

**Civ. A. No. 708.**

District Court, E. D. Pennsylvania.

Jan. 9, 1940.

Syme & Simons and M. Herbert Syme, all of Philadelphia, Pa., for plaintiff.

Francis F. Burch, City Solicitor, of Philadelphia, Pa., for defendants.

Before MARIS, Circuit Judge, and KIRKPATRICK and KALODNER, District Judges.

MARIS, Circuit Judge.

The plaintiff, a resident of New Jersey, has filed a complaint against the City of Philadelphia and its officers alleging that the income tax ordinance adopted by the City on December 13, 1939, as applied to him violates the Fourteenth Amendment of the Federal Constitution, U.S.C.A., and seeking an injunction restraining the collection of the tax. The defendants have moved to dismiss the action for want of jurisdiction. The motion must be granted.

1. The complaint does not show that the matter in controversy exceeds the sum or value of $3,000, as required by Section 24(1) of the Judicial Code, 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1). In a suit seeking to restrain the collection of a tax the disputed tax is the matter in controversy. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. It is not suggested by the plaintiff that the amount of tax which the city seeks to impose upon him during the period of this litigation will amount to more than a very small fraction of $3,000.

A number of other taxpayers have sought to intervene and it is argued that their taxes may be added to that of the plaintiff in order to establish the jurisdictional amount. It is clear, however, that the interest and complaint of each taxpayer, even though they may be joined in one suit, is separate and distinct. The amounts of their individual taxes may, therefore, not be aggregated to confer jurisdiction on this court. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

2. But even if the jurisdictional amount were shown, jurisdiction of the suit is denied to this court by the Act of August 21, 1937, c. 726, § 1, 50 Stat. 738, 28 U.S.C.A. § 41(1), which amended Section 24(1) of the Judicial Code by adding the following sentence to it: "Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

The state courts of Pennsylvania afford to the plaintiff a plain, speedy and efficient remedy by way of a suit in equity for an injunction to restrain the collection of an unconstitutional or illegal tax. Phipps v. School Dist. of Pittsburgh, D.C., 26 F. Supp. 811; City of Philadelphia v. Rottner, 90 Pa.Super. 262; Dougherty v. Philadelphia, 314 Pa. 298, 171 A. 583; Blauner's, Inc. v. Philadelphia, 330 Pa. 340, 198 A. 889; Kelley v. Kalodner, 320 Pa. 180, 181 A. 598; Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421, 184 A. 37. It follows under the express language of the Act of

1937 above quoted that this court does not have jurisdiction of the present action.

The action is dismissed for want of jurisdiction.