**Lehigh Valley Coal Company et al. v. Hazle Township et al.**

**64**

*John H. Bigelow, James Hiscox* and *John L. Bigelow*, for plaintiffs.

*Conrad A. Falvello* and *Rocco C. Falvello*, for defendants.

FLANNERY, J., May 23, 1952.—This matter was heard on defendants' preliminary objections to plaintiff's bill seeking to restrain defendants from enforcing a resolution imposing a light tax of two mills on all properties and occupations within the township.

On October 26, 1951, upon petition, and after notice to defendants, the court granted a rule to show cause why a preliminary injunction should not issue, returnable on October 31, 1951. At the hearing on the return day, a stipulation of facts was placed of record, and defendants moved to dismiss the rule to show cause. Upon consideration, the court overruled the motion to dismiss, ordered the injunction to issue as prayed for, and directed defendants to answer plaintiff's petition as an original bill in equity.

On November 30, 1951, defendants filed preliminary objections as follows:

"1. The bill filed in this proceedings was not accompanied by injunction affidavits.

"2. The plaintiff has a full, complete and adequate remedy at law provided by statute, to wit, the right to appeal from the action of the supervisors of Hazle Township in adopting the budget within fifteen (15) days after such approval as provided by section 908 (*a*) of the Second Class Township Code.

"3. The plaintiff is guilty of laches in that it failed to pursue its remedy provided by appeal set forth in

reason number 2 and also for the reason that the budget as adopted on March 7, 1951, has been in full force and effect and the defendant township supervisors have made payments to the Pennsylvania Power and Light Company for power consumed for street lighting purposes from the first day of January 1951 until the present time and taxes have been collected from the taxpayers for lighting purposes in pursuance to the resolution adopted by the supervisors as aforesaid."

The first objection, that the bill was not accompanied by injunction affidavits, cannot be sustained. Here the procedure followed was not by application for a preliminary injunction accompanied by affidavits, but by application for a rule to show cause, followed by a hearing at which the facts were stipulated by counsel. As was stated in Barbano v. Barbano, 48 D. & C. 562:

"The practice of a rule to show cause why a preliminary injunction should not issue is not sanctioned by the Equity Rules, but it appears to us to be a fair and equitable practice in that it gives notice to defendant and allows a hearing, before the court acts."

See Sims, etc., v. The City of Erie, 32 Erie 344, where the court, in approving the procedure followed here, said:

"The testimony in Court following notice is of more substance than naked affidavits and certainly more persuasive than the latter would be."

And see 8 Standard Pa. Practice 374, §31.

With respect to the second preliminary objection, the following stipulated facts are relevant:

1. On March 7, 1951, the township supervisors adopted a resolution levying a nine-mill tax on all property and occupations in the township for general township and road purposes, and a two-mill tax for debt purposes.

2. Section 2 of that resolution levied a special tax of two mills for street light purposes.

3. Prior to the levy of the lighting tax, supra, and for a period of two years theretofore, the lighting taxes had been levied upon the properties particularly benefited, as provided for by the provisions of section 702, clause 11, of the Second Class Township Code.

4. The levies thus made were based upon the petitions of 19 distinct districts in the township, all of the petitions having been executed by a majority in number and interest of the properties benefited, and the aggregate number of taxpayers on the 19 petitions representing a majority in number of the taxpayers of the Township.

5. At no time prior to the levy of the lighting tax involved in this case, was any petition presented to the supervisors of the township executed by a majority of the taxpayers in the township, praying for a levy of a lighting tax upon all the assessed valuation of the properties located in the township.

Defendants contend, with respect to the second preliminary objection, that plaintiff's remedy was by appeal from the adoption of the budget pursuant to the provisions of section 908(a) of the Second Class Township Code of May 1, 1933, P. L. 103, as amended July 10, 1947, P. L. 1481, sec. 11, 53 PS §19093-908. We might agree with defendants had the question raised involved the necessity for and the reasonableness of various items of the budget and the amount of the proposed levy as distinct from the power of the taxing authorities to levy a tax and their compliance with jurisdictional prerequisites to the levy of a tax. In Delaware, Lackawanna & Western R. R. Co., v. Luzerne County Commissioners, 245 Pa. 515, 517, the court said:

". . . Equity has power in a proper case to restrain the collection of a tax, . . . Equity will only intervene

in such a case where there is either want of power to tax or a disregard of imperative constitutional requirements: . . ."

In the instant case it would appear that the Township Code contemplates alternative methods of providing revenue for lighting. Under clause 1 of sec. 702, 53 PS §19093-702, the supervisors may contract for lighting without any petition from property owners, defraying the cost out of the general or road fund: In re Auditors of Cumru Township, 112 Pa. Superior Ct. 559. Where this alternative is followed there must be compliance with the requirements of section 905, subsec. 1, 53 PS §19093-905, limiting the general fund tax to 9 mills and 2 mills for indebtedness. Under clause 11 of section 702, supra, on petition "of the owners of a majority of the lineal feet frontage along any road, highway, or portion thereof . . . ", the supervisors may contract for lighting, defraying the cost "by an equal assessment on all property within two hundred and fifty (250) feet of such lighting in proportion to the number of feet the same fronts on the street or highway or portion thereof to be lighted": Manheim Township Supervisors v. Workman, 350 Pa. 168. It appears that for some years previous to the tax levy in question here, the township had been levying lighting taxes pursuant to the provisions of clause 11, supra.

The third alternative is found in section 905, dealing with township and special tax levies. Section 905 A.1 deals with the general or road tax. Section 905 A.2 provides:

"Upon receipt of a petition of a majority of the owners of real estate of the township requesting it, an annual tax, not exceeding five mills, for the purpose of lighting the highways, roads and other public places in the township, in the manner provided by the general powers of this act, and of defraying the cost, charges

and expenses thereof. Nothing contained herein shall require a petition of owners of real estate in any township, which is now lighting its streets and imposing taxes under this subsection for such purposes."

And section 905C provides:

"This article does not include the levy of any taxes upon particular districts or parts of any township for particular purposes. . . ."

It is readily apparent that the incidence of light tax under section 905 A.2, supra, is different from clause 11 of section 702, supra. It appears that the tax levies under clause 11 of section 702, prior to the tax levy in question here, involved petitions from 19 distinct districts of Hazle Township, and that the aggregate number of petitioners on those petitions now represents a majority of the owners of real estate of the township. Defendants assume this is compliance with the requirements of section 905 A.2. They cite no authorities, and we cannot agree. The supervisors can only exercise such powers as may be expressly conferred upon them by statute: Trevorton Water Supply Co. v. Zerbe Township, 259 Pa. 31. In Pittsburgh, Allegheny and McKees Rocks Railway Co. v. Township of Stowe, 252 Pa. 149, 155, the court said:

". . . Where there is a want of power to tax or the tax is levied without authority of law, a bill in equity will lie to restrain its collection: . . . If the tax is lawful but the manner of collecting it is oppressive or unfair, or there are technical irregularities in the assessment, the remedy is at law and by an appeal from the assessment. . . ."

And in Arthur et al., v. Polk Borough School District, et al., 164 Pa. 410, 414, it was held:

". . . A taxpayer is not bound to anticipate that the officers will violate the law or attempt to enforce the collection of a tax which they have no power to impose.

When they do this he has a clear right to relief by injunction to restrain the illegal act: . . ."

This language was cited with approval in City of Philadelphia v. Rottner, 90 Pa. Superior Ct. 262, 265. And see Appeal of Conners et al., 103 Pa. 356; Appeal of Harper et al., 109 Pa. 9; Philadelphia v. Kolb, 288 Pa. 359.

In view of our disposition of the second preliminary objection it becomes unnecessary to consider defendants' third objection of laches in filing the bill. It may be noted, however, that the bill was filed on October 26, 1951, and that paragraph 14 avers that the tax collector had made demand on plaintiff for payment of the tax in issue before November 1, 1951.

Wherefore, now, May 23, 1952, at 10 a.m., the preliminary objections are dismissed and defendants are directed to file their answer within 20 days from the date hereof.