## New Hope-Solebury School District v. Overpeck

*Charles M. Marshall*, for plaintiff.
*John M. Demcisak*, for defendant.

RUFE, *J.*, January 3, 1975—Plaintiff school district has brought this action in assumpsit against defendant for nonpayment of his 1970-71 and 1971-72 occupation tax. The suit seeks payment of the tax together with a 100 percent penalty and interest. Defendant has raised, by way of new mat-

ter, numerous questions challenging the constitutionality and legality of the tax, as well as challenges to the allegedly improper and discriminatory administration of the tax, and finally a charge that defendant was selected for tax enforcement after the 100 percent penalty had accrued in order to punish defendant for his outspoken opposition to the tax.

Plaintiff has filed preliminary objections to defendant's new matter on the ground that (1) defendant has waived certain of these defenses by not following the statutory remedies provided; (2) the constitutional questions must be raised in equity, not as a defense in assumpsit; and (3) defendant's defenses are barred by his failure to raise his objections to the tax promptly. These preliminary objections are presently before the court for disposition, having been argued before the above court en banc.

The Pennsylvania Supreme Court has addressed itself to the jurisdictional aspects of constitutional issues in occupation tax cases arising in equity proceedings in a recent line of cases and has held that when a constitutional challenge to a tax resolution is presented, equity has the jurisdiction and competency to consider both the constitutional and non-constitutional challenges even though there exists a *specific* statutory remedy at law, and may even invalidate the tax resolution on solely nonconstitutional grounds without ever considering the constitutional questions: Lynch v. Owen J. Roberts School District, 430 Pa. 461 (1968); but only if the constitutional challenge affording equity jurisdiction presents a "substantial question of constitutionality" rather than a mere allegation: Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment and Revision of Taxes, 438 Pa. 506 (1970); and finally, that even the presence of a

substantial question of constitutionality concerning the tax resolution does not justify equity taking over every collateral, nonconstitutional attack on the assessment, such collateral attack being warranted only if it could have been raised in equity absent the constitutional challenge: Crosson v. Downingtown Area School District, 440 Pa. 468 (1970).

Now we are faced with the question of whether or not a defendant may raise constitutional issues and collateral nonconstitutional questions as matters of defense in an action at law for collection of such an occupation tax.

Defendant argues that the illegality of the tax may be raised in defense to an action in assumpsit and relies on the following language from City of Philadelphia v. Rottner, 90 Pa. Superior Ct. 262 (1927), at page 266:

"When the taxing officers seek to collect an unlawful tax by the special means given tax collectors under the act or otherwise, the remedy to prevent such a collection is by injunction, but we see no reason why a party assessed with illegal tax may not raise such defense to an action in assumpsit."

However, the Rottner case involved the attempt to collect a tax from a nonresident of Philadelphia, when the tax resolution itself limited the tax to residents. Hence, there was no challenge to the legality of the tax itself, nor indeed, any constitutional questions whatsoever. In that case, the illegality defense pertained to the individual taxpayer involved only and was not a matter of concern to any other taxpayer.

In the instant case, the determination of the allegations raised may have far-reaching impact on the taxing body as well as all taxpayers subject to the tax and, accordingly, would be better approached

through the well-established equity route with a chancellor addressing the combined legal and factual questions in an injunction proceeding rather than forging a new route in assumpsit for attacking such questions, thereby utilizing a jury in the determination of the factual aspects of the question, and the application of complex constitutional principles.

Accordingly, we find that the defenses raised are proper matters for equity and not appropriate in assumpsit. Once in equity, defendant's objections, which have specific statutory remedies, can also be considered and resolved: Lynch v. Owen J. Roberts School District, supra. Thus, having determined that defendant's objections are not appropriate in this action, we need not address ourselves to the laches question that presumably will be raised in the equity action that undoubtedly will result from this opinion. Therefore, we enter the following

## ORDER

And now, January 3, 1975, plaintiff's preliminary objections to defendant's new matter are hereby sustained and said new matter is hereby dismissed.