**MYTINGER & CASSELBERRY, Inc.**

v.

**NUMANNA LABORATORIES CORP. et al.**

**No. 11092.**

United States Court of Appeals, Seventh Circuit.

Aug. 23, 1954.

Ray T. McCann, Milwaukee, Wis., Leonard S. Kleinfeld, Lester Mehlman, Chicago, Ill., W. L. Gold, Milwaukee, Wis., for appellants.

Gerald P. Hayes, John A. Kluwin, Milwaukee, Wis., J. E. Simpson, Los Angeles, Cal., Charles S. Rhyne, Brice W. Rhyne, Eugene F. Mullin, Jr., J. Parker Connor, Washington, D. C., for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff, a California corporation, is engaged in the distribution of a product known as Nutrilite Food Supplement. Its business is conducted through individual distributors who sell plaintiff's product either directly to the public or to other distributors who in turn do so. The defendant corporation is licensed to do business in Wisconsin and is engaged in competition with the plaintiff, with the distribution of a food product known as Numanna Food Supplement. Its home office is at Lake Geneva, Wisconsin. The defendant corporation, like plaintiff, sells its product to distributors who sell directly to the public. Nine individuals, distributors of the defendant corporation and former distributors of plaintiff, are named as defendants.

On November 25, 1953, plaintiff filed its verified complaint charging that the defendants maliciously and with intent to injure plaintiff, conspired together in a continuing systematic and concerted endeavor, marked by false and malicious statements and high pressure tactics to induce the distributors of plaintiff's product to terminate their relationship with plaintiff and to violate their contract with plaintiff by, among other things, soliciting customers of plaintiff's product to cease using plaintiff's product and to commence using that of the corporate defendant, all for the purposes of interfering with and destroying plaintiff's contractual relations with its distributors and diverting the good will pertaining to plaintiff's product to that of the corporate defendant. The complaint discloses that as of the time it was filed defendants' activities had brought about in the State of Wisconsin alone the defection of more than one hundred and fifty of plaintiff's distributors and of more than one thousand customers, and that injury, loss and damage in the amount of $50,000 had already been sustained. This injury, loss and damage was sustained, according to the allegations, in the period of time between September 16 and November 23, 1953.

The complaint, in summary, sets forth that the defendants entered into a conspiracy to induce plaintiff's distributors to violate their contractual relations with plaintiff and by unfair competition and unfair trade practices to interfere with and destroy plaintiff's business. It prayed that defendants be restrained and enjoined, both preliminarily pending suit and permanently at the final hearing, from a continuation of their alleged

unlawful and improper activities, and joint and several judgments were sought against defendants and each of them in the amount of $50,000, and punitive and exemplary damages in the amount of $100,000. On the filing of the complaint, a temporary restraining order was entered against the individual defendants. Thereafter, some of the defendants filed answers denying the material allegations of the complaint and that plaintiff was entitled to the relief sought. A number of affidavits were filed by the plaintiff in support of its complaint and also by the defendants in support of the denials contained in their answers. On December 4, 1953, the court heard oral argument on plaintiff's motion for a preliminary injunction and three days later heard oral testimony of witnesses called in support of the contentions advanced by the respective parties. Predicated upon the pleadings, affidavits, oral arguments, as well as written briefs and the oral testimony of witnesses, the court, on December 9, 1953, entered findings of fact and conclusions of law on plaintiff's motion for a preliminary injunction. On the same day, a decree for a preliminary injunction was entered. From this decree defendants appeal to this court.

■ Defendants, apparently ignoring this court's limited scope of review on appeal from a preliminary injunction decree, proceed, mistakenly we think, to argue the case as though it were here on appeal from a final decree upon the merits. The sole issue before this court is whether the District Court abused its discretion in allowing the preliminary injunction, and this court is not authorized to reverse or modify such a decree unless such abuse is clearly shown. Citation of a few of the many cases to this effect will suffice. Mitchell v. Penny Stores, 284 U.S. 576, 52 S.Ct. 27, 76 L. Ed. 500; State of Alabama v. United States, 279 U.S. 229, 231, 49 S.Ct. 266, 73 L.Ed. 675; Corporation Commission of State of Oklahoma v. Cary, 296 U.S. 452, 458, 56 S.Ct. 300, 80 L.Ed. 324; National Fire Insurance Co. of Hartford v. Thompson, 281 U.S. 331, 338, 50 S.Ct. 288, 74 L.Ed. 881; Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972.

The last named case cited with approval the opinion of Love v. Atchison, T. & S. F. R. Co., 8 Cir., 185 F. 321 at page 331, where the court stated: "An appeal from an order granting or refusing an interlocutory injunction does not invoke the judicial discretion of the appellate court. The question is not whether or not that Court in the exercise of its discretion would make or would have made the order. It was to the discretion of the trial court, not to that of the appellate court, that the law intrusted the granting or refusing of these injunctions, and the only question here is: Does the proof clearly establish an abuse of that discretion?"

In common with other jurisdictions, this court has on many occasions proclaimed the severe limitations upon its scope of review in situations such as instantly presented. Weiner v. National Tinsel Mfg. Co., 7 Cir., 123 F.2d 96, 97; Bowles v. Montgomery Ward & Co., 7 Cir., 143 F.2d 38, 42; Doeskin Products, Inc. v. United Paper Co., 7 Cir., 195 F.2d 356, 360–361. In the Weiner case, we stated, 123 F.2d at page 97: "In fact, an appeal from an order of the nature here involved [an order granting a preliminary injunction] presents only the narrow question as to whether the District Court abused its discretion in allowing plaintiffs' motion for a preliminary injunction. [Citing cases.]" This court made a further statement in the Weiner case, which is particularly appropriate in view of defendants' argument. We stated, 123 F.2d at page 97: "Defendant argues its case here as though the appeal was from an order finally adjudicating the controversy on its merits. Such is not the case. The court properly, by its findings and conclusions, left open for further consideration and future determination, the merits of the controversy. We intend to do likewise."

In the Doeskin case, we stated, 195 F.2d at page 360: "We are not permitted to substitute our opinion for the finding of the District Court where, as here, the record furnishes a reasonable basis for the finding and action of the District Court. Defendant points to nothing in this record which would provide a reason for holding that the District Court, in entering this order, either violated the principles of equity or abused its judicial discretion."

In Hamilton Watch Co. v. Benrus Watch Co., 2 Cir., 206 F.2d 738, 740, the court made the following pertinent statement: "To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (*i. e.*, the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation."

The scope of review being thus limited, we think there is no occasion to discuss in detail either the factual or legal issues which defendants urge. Certainly it would be futile to state the contentions of the respective parties concerning legal issues which we are not now permitted to resolve. We think it sufficient to state that we have examined the record and the theories advanced by plaintiff and defendants relative to important issues sufficiently to be convinced that there is a genuine and bona fide controversy between the parties and that there is not the slightest basis for a ruling that the District Court abused its discretion in the entry of the decree complained of. Even so, it perhaps is appropriate, in order to avoid any misapprehension when and if the case is heard on its merits, to refer briefly to a feature of the complaint upon which defendants chiefly rely in this court. Defendants' argument on this feature is embodied in what is set forth as a contested issue, as follows: "That the court erred in finding as a fact that a contract existed between the individual defendants and the plaintiff." This issue is injected into the case by reason of allegations of the complaint that a contract was entered into between the individual defendants and the plaintiff while the former were distributors of the latter. This alleged contract contains what is referred to as a restrictive covenant by which such distributors agreed to refrain for a period of two years from doing certain things relevant to their association with plaintiff. Defendants contend that this alleged contract is lacking in mutuality and not enforceable, and that the restrictive covenant is in restraint of trade and therefore void. We express no opinion as to whether there is merit in the contention thus made other than that we are convinced a serious legal issue is involved. And we do not interpret either the findings or conclusions of the District Court as decisive of this issue. It is true that the court in its findings referred to the "contract" entered into between plaintiff and its distributors when it perhaps would have been more accurate to have referred to a purported or alleged contract. At any rate, we desire to emphasize that the issue as to this alleged contract with its restrictive covenant, as well as all other issues raised by the pleadings, can be decided only when and if the case is heard on its merits. In other words, by this decision we hold nothing more than that the record presents a reasonable basis for the issuance by the District Court of the order under attack. Such being the case, there is no justification for a holding that its discretion was abused.

The order appealed from is

Affirmed.