MINNESOTA MINING AND MANUFAC-
TURING COMPANY, Plaintiff-
Appellee,

v.

POLYCHROME CORPORATION et al.,
Defendant-Appellant.

No. 12585.

United States Court of Appeals
Seventh Circuit.

June 11, 1959.

Lindsey, Hibben & Noyes, Chicago, Ill., Ostrolenk, Faber, Gerb & Soffen, New York City, of counsel, for appellant.

Edward A. Haight, Chicago, Ill., Harold J. Kinney, St. Paul, Minn., John W. Hofeldt, Chicago, Ill., Carpenter, Abbott, Coulter & Kinney, St. Paul, Minn., M. K. Hobbs, Winter Park, Fla., of counsel, for appellee.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

This appeal comes before us from an order of the district court denying a motion for an interlocutory injunction in a patent infringement action.

Plaintiff-appellee, Minnesota Mining and Manufacturing Company (Three M), brought suit in the district court against defendant-appellant, Polychrome Corporation (Polychrome) and three of its sales agents, for infringement of its Patent No. 2,714,066 covering presensitized metal lithographic plates. This complaint was filed August 1, 1958. Subsequently, Polychrome answered, alleging, *inter alia,* invalidity of the patent in suit, and filed its counterclaim charging various antitrust violations by Three M.

The subject patent was issued July 26, 1955, and Three M has commercially manufactured and sold its lithographic plates both prior to and following that date. Three M first brought an infringement action against A. B. Dick Company in the court below. Before that case came to trial, A. B. Dick Company admitted the validity of the patent by consent decree and was issued a license by Three M requiring the payment of royalties, in April, 1958.

On May 8, 1958, Three M filed another infringement action in the court below against Harris-Intertype Corporation and its subsidiary (Civil Action No. 58 C 815), with various defenses being raised by the answers and with a counterclaim being filed against Three M. This case is now pending in the district court and has been assigned to the same judge hearing the case at bar. Harris-

George N. Hibben, Chicago, Ill., Marvin C. Soffen, New York City, Davis,

Intertype Corporation and its co-defendant are complete strangers in law to Polychrome.

Shortly after filing the instant suit against Polychrome, Three M commenced two additional actions in other federal district courts against alleged infringers. One was filed on August 6, 1958 in the district court in Cleveland, Ohio, against Carpenter Printing Company, Inc., a *user* of lithographic plates manufactured by Polychrome, and the other on August 7, 1958, against Bewal, Inc., a *distributor* of Polychrome plates, in the district court in Wichita, Kansas. (These actions will be referred to as the "Cleveland case" and the "Wichita case.")

On August 4, 1958, Three M wrote a letter to Tempo Company, a Polychrome distributor in Kansas City, Missouri, stating that Three M considered Tempo's sale of Polychrome plates to be an infringement of Three M's patent, requesting advice by wire whether such sales would be continued and giving notice to Tempo of the pendency of the case at bar. This letter was sent on to Polychrome by Tempo.

On the same day that the Wichita case was filed, the Wichita Eagle, a newspaper in Wichita, Kansas, published as a news item a short article reporting the filing of that suit and the nature of the action. There is no evidence showing that Three M or its attorneys inspired or had anything to do with this publication. A copy of this news story was received by Polychrome on August 11, 1958. The next day Polychrome's president signed and mailed letters to its sales employees and members of the staff (about 70 persons) reporting the Three M infringement action, denying the infringement and stating that: "Unfortunately, 3 M, instead of pursuing this matter in the usual way so that a determination could be reached, is instead *trying the case in the newspapers,* attempting to use its financial power to bear down on our Company." (Emphasis added.) At the same time, a second letter of similar import from the president was sent by Polychrome to its distributors, dealers, customers and users.

The record further shows that Three M, both prior to and following the commencement of its several infringement actions, instructed its sales employees by letters not to discuss the patent in question or the suits based upon it and to refer any inquiries to its sales department.

On August 26, 1958, Polychrome served Three M with notice of its motion for interlocutory injunction, along with supporting documents, and the motion was filed two days later. Upon receipt of this notice, and on the same day, Three M prepared and mailed out a general press release to some 230 newspapers and trade journals, including the major wire services. This release was a short factual statement of the filing and nature of the three suits, naming the parties and stating that the first presensitized metal lithographic plates ever marketed were introduced commercially by Three M in 1950 and that they were covered by the patent in suit. The covering letter to the editors suggested that: "Perhaps you would like to check with * * * [the] president of Polychrome Corp., * * * manufacturers of the accused product."

In substance, Polychrome, in its motion, asked the district court to enjoin Three M from continuing the prosecution of the Cleveland and Wichita suits, from bringing further actions against Polychrome's customers, from interfering with it in the conduct of its business, pending the determination of the present action, and from further publicizing the pendency of such actions. The court had before it the motion and supporting documents, various affidavits and six depositions. It also gave consideration to a transcript of certain proceedings had in the Wichita case on October 28, 1958, when the Kansas district court considered and denied a motion by the defendant in that case to enjoin Three M from prosecuting that action until the final determination of the case at bar in Illinois. On December 22, 1958, the

court below denied the motion for injunction.

The ultimate issue before us is whether the district court abused its discretion in denying the injunctive relief asked for by Polychrome.

■ A recent statement of the rule governing the scope of our review in such matters is contained in Westinghouse Electric Corp. v. Free Sewing Machine Co., 7 Cir., 1958, 256 F.2d 806, 808, where we said:

"Upon an appeal from the granting or denial of a preliminary injunction, this Court has a very limited scope of review. Mytinger & Casselberry, Inc. v. Numanna Laboratories Corp., 7 Cir., 215 F.2d 382, 384. The sole issue here is whether the District Court abused its discretion. Weiner v. National Tinsel Mfg. Co., 7 Cir., 123 F.2d 96, 97; Doeskin Products, Inc. v. United Paper Co., 7 Cir., 195 F.2d 356, 360–361."

■ The transcript of the Wichita case, which was before the trial court, shows that the Kansas trial judge gave full consideration to the pendency of the two actions, including the fact that the Illinois case could not be reached for trial for two or three years and that the Wichita case could be tried this summer, and finally concluded by saying: "I think we might just as well proceed in this case, get the case at issue, and in the meantime if Judge Sullivan does grant the restraining order that is asked up there, why then that will automatically stay this case. If he doesn't, then I feel we should be in shape to go right ahead and try this case when it comes up in its usual order. So I think I will deny your motion to stay." As was pointed out in American Chemical Paint Co. v. Thompson Chemical Corp., 9 Cir., 1957, 244 F.2d 64, 66, where one district court had denied a stay in an infringement action brought against an alleged infringer's customer, in which the manufacturer had intervened: "Considerations of comity and judicial self-restraint

should deter one court from thus, in effect, overruling the decision of a court of co-ordinate jurisdiction." (Footnote omitted.) In that case the Ninth Circuit reversed the district court which had granted an injunction after a second court had previously refused to stay proceedings before it.

In the case below the district court denied the motion to enjoin Three M from instituting any further suits, relying again on American Chemical Paint Co. v. Thompson Chemical Corp., supra, where, at page 67, the court said: "A patent owner has a cause of action, separate and independent from that against an infringing manufacturer, to recover profits and damages and to restrain one who resells a product which he purchased from an infringing manufacturer. The right to bring such an action is sanctioned by statute, and ought not to be interfered with, except for compelling reasons." (Footnote omitted.)

We have examined the record before us and have concluded that the district court weighed all of the factors fully placed before it, and we hold that in denying the injunctive relief prayed as to pending or future litigation it did not abuse its discretion. Indeed, we think the injunction was properly denied. Such relief has now been refused by two separate district courts. We have considered the cases cited by appellants and find them to be not controlling under the facts of this case.

■ We find no merit in Polychrome's contention that the publicity given the pending litigation by Three M should be enjoined. Polychrome cannot seriously contend that the news report in the Wichita Eagle was inspired by Three M. The subsequent news release of August 26, 1958 followed Polychrome's widespread charge that Three M was "trying the case in the newspapers" and the charges made in support of its motion for injunctive relief. There is no showing of lack of good faith on the part of Three M. Further, we find nothing improper in the letters Three M wrote to two of its own dealers who

were also selling Polychrome plates advising them of the pending action and inquiring whether they intended to continue the sale of the alleged infringing plates.

Having found no abuse of discretion, the order of the district court denying the requested interlocutory injunction is

Affirmed.