**NORTHWEST RESIDENTS ASSOCIA-
TION, a Voluntary Organization,
et al., Plaintiffs,**

v.

**DEPARTMENT OF HOUSING AND UR-
BAN DEVELOPMENT, a Department
of the Executive Branch of the United
States, et al., Defendants.**

No. 70-C-590.

United States District Court,
E. D. Wisconsin.

April 20, 1971.

Catania & Neubecker, by Nicholas C. Catania, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The present case represents a challenge to certain action taken by the defendants under section 235 of the National Housing Act (section 101(a) of the Housing and Urban Development Act of 1968, codified in 12 U.S.C. § 1715z). The defendants have moved to dismiss on the basis that this court lacks subject matter jurisdiction and also on the basis that the plaintiffs have failed to state a claim upon which relief can be granted. On November 19, 1970, this court entered an order denying the plaintiffs' request for a temporary restraining order.

The plaintiffs are six property owners and a non-profit organization which represents them and "several hundred" other home owners in the 18th ward in Milwaukee. They allege that the defendants currently are engaged in approving mortgage interest payment subsidies, under 12 U.S.C. § 1715z, "to finance the construction of 576 single family homes and 569 Condominium type units in the 18th Ward."

The complaint further alleges:

"17. That in approving said applications the defendants have employed standards in the past and threaten to employ said standards in the future, which standards are in violation of the law in the following respects:

"a) That as plaintiffs are informed and believe, the defendants are approving and will continue to approve applications under 12 USC 1715Z, wherein and whereby said applicants are being made to pay for the purchase of said homes more than the appraised value of said homes, contrary to 12 USC 1715Z(g). That in this regard the plaintiffs are informed and believe that the defendants have failed to employ commonly accepted standards of real estate appraising and have made and will continue to make appraisals in regard to said property substantially in excess of the true and economic value of said properties.

"b) That the defendants have approved and will continue to approve applications for said housing to be constructed in a saturation type manner within a confined area, which type of program would definitely and seriously affect the appeal and desirability of surrounding properties in violation of the regulations of FHA.

"c) That the plaintiffs are informed and believe that the defendants are approving said applications without due regard to the stability of the neighborhood as required by law in that the actions of the defendants will result in overcrowded schools, lack of proper recreational facilities, over-taxed local services and would deprive the plaintiffs and others similarly situated, and also the buyers of said properties, of the amenities of life.

"d) That the the plaintiffs are informed and believe that the build-ers engaged in the construction of said homes with the approval of the defendants are realizing profit on said construction greater than that allowed by law."

This court is asked to enjoin the defendants' allegedly illegal conduct in implementing the provisions of § 1715z.

The defendants' motions raise two issues: (1) whether this court has jurisdiction and, (2) whether the plaintiffs have "standing" to bring their action.

Paragraph one of the complaint alleges that this court has jurisdiction "by virtue of the fact that it involves a controversy arising out of the laws of the United States." The defendants contend that this statement "falls short of conferring jurisdiction" and argue that, because it appears that the plaintiffs' action is based upon a "federal question," the absence of any allegation of jurisdictional amount means that the plaintiffs have failed to comply with 28 U.S.C. § 1331.

It is clear, as the defendants assert, that no diversity of citizenship exists in the case at bar, and the complaint contains nothing which would appear to bring this action within the provisions of 28 U.S.C. § 1346. However, the plaintiffs urge that jurisdiction is conferred by the Administrative Procedure Act which provides for judicial review of agency action.

Whether the Administrative Procedure Act, standing alone, and without regard for jurisdictional amount, can confer jurisdiction has been the source of some conflict. Thus, in Kansas City Power & Light Co. v. McKay, 96 U.S. App.D.C. 273, 225 F.2d 924, 932 (1955), cert. denied 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955), the court stated:

"Section 10(b) of the Administrative Procedure Act [now 5 U.S.C. § 703] * * * does not of itself establish the jurisdiction of the Federal courts over an action not otherwise cognizable by them. Section 10 (b) does not render competent a court

which lacks jurisdiction on any other ground."

See also Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912 (2d Cir. 1960), cert. denied 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960); cf. Empresa Hondurena de Vapores, S. A. v. McLeod, 300 F.2d 222, 227 n. 5 (2d Cir. 1962), vacated on other grounds sub nom. McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

On the other hand, numerous recent cases have either expressly or implicitly held that the Administrative Procedure Act is jurisdictional. In Citizens Committee for Hudson Valley v. Volpe, 302 F.Supp. 1083, 1091 (S.D.N.Y.1969), aff'd 425 F.2d 97 (2d Cir. 1970), the court stated:

"[The] Supreme Court has implemented what appears to be a presumption in favor of a finding of jurisdiction under the Administrative Procedure Act. In Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18. L.Ed.2d 681 (1967), it was held that the courts should restrict access to judicial review 'only upon a showing of "clear and convincing evidence" of a contrary legislative intent * *.' 387 U.S. at 141, 87 S.Ct. at 1511, citing Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962). See also, Powelton Civic Home Own. Ass'n v. HUD, 284 F.Supp. 809 (E.D.Pa. 1968)."

See also Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S. Ct. 814, 28 L.Ed.2d 136 (decided March 2, 1971); Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Road Review League, Town of Bedford v. Boyd, 270 F.Supp. 650 (S.D.N.Y.1967); cf. Hanley v. Volpe, 305 F.Supp. 977 (E.D.Wis. 1969); Western Addition Community Organization v. Weaver, 294 F.Supp. 433 (N.D.Cal.1968); L. Jaffe, Judicial Control of Administrative Action 164 (1965).

The statutory provision according the right of judicial review under the Administrative Procedure Act is 5 U.S.C. § 702:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

■ In my opinion, the Act confers jurisdiction to hear the plaintiffs' claims. A holding that this court is completely without power to review any decisions of the Secretary of the Department of Housing and Urban Development, acting through the FHA, would be "unsound and unjust." *Road Review League*, supra, 270 F.Supp. at 660.

It has been noted that the preclusion of judicial review "is not lightly to be inferred [and it] requires a showing of clear evidence of legislative intent." Environmental Defense Fund, Inc. v. Hardin, 428 F.2d 1093, 1098 (D.C.Cir. 1970). See also Norwalk CORE v. Norwalk Redevelopment Agency, 395 F.2d 920, 932 (2d Cir. 1968). The defendants have cited no statute which would bar this court's assumption of jurisdiction under the facts of this case; indeed, 12 U.S.C. § 1702 specifically authorizes suit against the Secretary, although § 1702 constitutes only a waiver of sovereign immunity. Choy v. Farragut Gardens 1, Inc., 131 F.Supp. 609, 613 (S.D.N.Y.1955); cf. Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); Powelton Civic Home Owners Association v. Department of Housing & Urban Development, 284 F.Supp. 809, 820 (E.D.Pa. 1968).

■ The second issue, whether the plaintiffs have standing to bring the present action, involves an examination of the requirements of 5 U.S.C. § 702. In Pennsylvania Environmental Council,

Inc. v. Bartlett, 315 F.Supp. 238, 244 (M.D.Pa.1970), the court stated:

"The United States Supreme Court recently reviewed the question of standing in related decisions, Assn. of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), and Barlow v. Collins, 397 U.S. 159, 90 S. Ct. 832, 838, 25 L.Ed.2d 192 (1970). In these cases, a two-pronged test was applied: (1) whether the plaintiff had alleged that the challenged action has caused him injury in fact, economic or otherwise, and (2) whether the interest asserted by the plaintiff is arguably within the zones of interests sought to be protected or regulated by the statute or constitutional guarantee in question."

It is clear that the first of the two elements necessary for standing is satisfied in the present case. The complaint avers that the defendants' actions have resulted, or will result, in injury, including economic injury, to the plaintiffs and to prospective purchasers of houses in the affected area. See also Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970); Scenic Hudson Preservation Conference v. Federal Power Comm'n, 354 F.2d 608 (2d Cir. 1965), cert. denied 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (1966); Izaak Walton League of America v. St. Clair, 313 F.Supp. 1312 (Minn.1970); Citizens Committee for Hudson Valley v. Volpe, 302 F.Supp. 1083 (S.D.N.Y.1969), aff'd 425 F.2d 97 (2d Cir. 1970); Western Addition Community Organization v. Weaver, 294 F.Supp. 433 (N.D.Cal.1968); but see Rasmussen v. United States, 421 F.2d 776 (8th Cir. 1970); Harrison-Halsted Community Group, Inc. v. Housing & Home Finance Agency, 310 F.2d 99 (7th Cir. 1962), cert. denied 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 414 (1962); Green Street Association v. Daley, 250 F.Supp. 139 (N.D.Ill.1966), aff'd 373 F.2d 1 (7th Cir. 1967).

Considerably more difficulty is posed by the second requirement for standing, for 5 U.S.C. § 702 specifies that a party be "affected or aggrieved" *"within the meaning of a relevant statute."* No statute has been cited by the plaintiffs under which it may be said that their special interests are recognized and protected. Cf., e. g., Crowther v. Seaborg, 312 F.Supp. 1205, 1216 (Colo.1970), in which the court looked to 42 U.S.C. § 2012 in finding a congressional intent to charge the Atomic Energy Commission "with the duty of considering the interests asserted by [the] plaintiffs." See also Scenic Hudson Preservation Conference v. Federal Power Comm'n, supra; Hanley v. Volpe, supra; Triangle Improvement Council v. Ritchie, 314 F.Supp. 20 (S.D.W.Va.1969).

However, 12 U.S.C. § 1701t (section 2 of the Housing and Urban Development Act of 1968, of which new section 235 of the National Housing Act (12 U.S.C. § 1715z) was a part) states, in part:

"The Congress affirms the national goal, as set forth in section 1441 of Title 42, of 'a decent home and a suitable living environment for every American family'.

"The Congress finds that this goal has not been fully realized for many of the Nation's lower income families; that this is a matter of grave national concern; and that there exist in the public and private sectors of the economy the resources and capabilities necessary to the full realization of this goal."

Cf. 42 U.S.C. §§ 1441a and 1451(c).

In Shannon v. United States Department of Housing and Urban Development, 305 F.Supp. 205 (E.D.Pa.1969), action was brought by businessmen, private civic organizations, and property owners in the vicinity of a proposed apartment project to challenge a HUD determination to alter the original plans for the urban renewal project. The court rejected the defendants' argument that the plaintiffs lacked standing because they did not possess the "direct-

ness of interest" of a displacee, and held that 42 U.S.C. § 1441, as a statement of "the values which the Housing Act seeks to further," conferred standing upon the plaintiffs "as representatives of that class whose interests the procedural requirements were designed to protect." 305 F.Supp. at 211. The court also said (page 209):

> "The present plaintiffs * * * are those persons whose 'living environment,' 42 U.S.C. § 1451(c) (1) (Supp. 1969), is directly affected by the challenged amendment of the Plan and, as such, they are the logical parties, indeed, the only presently available ones, to challenge the alleged departure from the procedural process assertedly required under the Act."

See also Powelton Civic Home Owners Association v. Department of Housing & Urban Development, 284 F.Supp. 809 (E. D.Pa.1968).

I find that the plaintiffs in the case at bar have standing to bring this action.

■ A final matter which this court must decide is whether the plaintiffs' allegations constitute a justiciable claim. While the pleadings leave many questions unanswered, it is my opinion that the complaint is sufficient to withstand the defendants' motion to dismiss for failure to state a claim. The broad allegation that the defendants' conduct is "unlawful" is, standing alone, only a conclusion, but the complaint is buttressed by other portions thereof which are more specific. It should not be inferred, however, that this decision constitutes any intimation as to the plaintiffs' ultimate success at a trial on the merits; this decision goes no further than to find that "sufficient allegations appear in the [plaintiffs'] complaint which if proved would tend to support [their] cause of action." Izaak Walton League of America v. St. Clair, 313 F. Supp. 1312, 1314 (Minn.1970).

Therefore, it is ordered that the defendants' motions to dismiss be and hereby are denied.