**Randall BARTELS et al., Plaintiffs,**

v.

**Francis F. BIERNAT et al., Defendants.**

**No. 75–C–704.**

United States District Court, E. D. Wisconsin.

Dec. 24, 1975.

Kenneth M. Streit, James L. Brown, and Robert Blondis, Milwaukee Legal Services, Milwaukee, Wis., for plaintiffs.

William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for Federal defendants.

George E. Rice and Gerald G. Pagel, Asst. Corp. Counsels, Milwaukee, Wis., for Milwaukee County Transit Bd.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an action whereby certain mobility-handicapped persons seek to gain greater access to the public mass transportation system which has been designed for service in Milwaukee County. The named plaintiffs are mobility-handicapped individuals who reside in Milwaukee County; the suit is brought on behalf of them and a group of some 2,000 other people, allegedly similarly situated.

The defendants include members of the Milwaukee County Transit Board, as officials charged with responsibility for the operation and maintenance of mass transportation systems in the County and City of Milwaukee; the defendants also include the Secretary of the United States Department of Transportation and the Administrator of the Urban Mass Transportation Administration of the Department of Transportation, as individuals responsible for the administration of the Urban Mass Transportation Act of 1964, as amended, 49 U.S.C. § 1601 et seq.

The facts recited in the complaint and the briefs that have been filed to date indicate that on March 15, 1975, the Milwaukee County Transit Board (MCTB) submitted application number WI–03–0005 (the application) in an effort to obtain a capital improvement grant from the United States Department of Transportation, Urban Mass Transit Administration (UMTA). The purpose of this grant was to fund the purchase of the Milwaukee and Suburban Transit Company, a privately owned transit system operating in Milwaukee County, together with some 100 new public passenger buses. It appears that the application was made under the provisions of the Urban Mass Transportation Act of 1964, as amended, 49 U.S.C. § 1601 et seq., and was approved by the UMTA in or about May, 1975.

While Milwaukee County, through the MCTB, assumed control of the local transit system on or about July 1, 1975, it is clear that none of the 100 new buses

have been or are being manufactured for the MCTB at this time. Pursuant to the application and funding in question, bids for a contract in this regard were received from two bus manufacturers on November 25, 1975; these bids were to remain open for a period of approximately thirty days, and are presently outstanding.

Anticipating that one or more of these bids will be accepted, counsel for the plaintiffs have filed a complaint to commence this suit together with motions for a temporary restraining order, a preliminary injunction, and leave to proceed as a class. They seek to prevent execution of any contracts for construction of the public passengers buses described above; they allege that until the needs of the mobility handicapped are given greater consideration, the applications, authorizations, grants of funds and proposed contracts at issue here involve actions and conduct on the part of the defendants which violate not only certain provisions of the Urban Mass Transportation Act, as amended, 49 U.S.C. § 1601 et seq., and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq., but also fifth and fourteenth amendments to the United States Constitution.[1]

The following memorandum opinion will resolve the motions for leave to proceed as a class and for preliminary injunctive relief, as filed on behalf of the plaintiffs, and will consider in detail certain questions regarding jurisdiction over the various named defendants. For reasons to be disclosed below, the Court is of the opinion that jurisdiction does exist as to all defendants, and that these two pending motions should each be granted.

## I. JURISDICTION

As concerns the state officials, jurisdiction lies pursuant to 28 U.S.C. § 1343 because the complaint alleges a cause of action arising under 42 U.S.C. § 1983.[2] As concerns the federal officials, jurisdiction lies under § 10 of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and/or the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361. See: Brown v. Lynn, 385 F.Supp. 986 (N.D.Ill., 1974).[3]

Notwithstanding the argument submitted by counsel for these parties, the Court need not and does not determine whether a private right of action is created by either § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, or § 16(a) of the Urban Mass Transportation Act of 1964, 49 U.S.C. § 1612(a). Where equitable relief is sought, as in the case at bar, it would appear that private plaintiffs with sufficient standing may obtain protection against harm from federal administrative action even though the only legally protected inter-

---

1. While the initial complaint alleged that the conduct in question here is violative of the Department of Transportation and Related Agencies Act, P.L. No. 93–391, § 315 (1975), this claim was abandoned at the oral argument heard on December 12, 1975, when it became apparent that none of the funds appropriated under the Act was or will be used in the capital grant which is the subject of this suit. See: Affidavit of Robert E. Patricelli, attached to the Memorandum of Law in Opposition to Motion for Preliminary Relief that was filed on behalf of all defendants.

2. This cause of action arises under 42 U.S.C. § 1983 because the complaint clearly charges that these state officials have acted to deprive the plaintiffs of rights, privileges or immunities secured by the Constitution and laws of the United States, under color of state statute, ordinance, regulation, custom or usage.

3. "The courts have repeatedly held that the Administrative Procedure Act provides an independent basis for jurisdiction where the aggrieved party is seeking review of actions of a Federal Agency. Davis v. Romney, 355 F.Supp. 29 (E.D.Pa., 1973), aff'd in part, 490 F.2d 1360 (3rd Cir. 1974). This source of jurisdiction is available to determine whether the federal defendants' discretionary acts conform to their statutory obligations.

"The plaintiffs are also entitled to seek to mandamus federal officials who have abused their discretion, acted beyond the scope of their authority, failed to fulfill their statutory responsibilities, or failed to take actions within the legal limits of their authority." Peoples v. United States Department of Agriculture, 138 U.S.App.D.C. 291, 427 F.2d 561 (1970); Brown v. Lynn, 385 F.Supp. 986 (N.D.Ill., 1974).

ests are those of the public. *See, e. g., Davis v. Romney,* 490 F.2d 1360 (3d Cir., 1974).

■ The prospective plaintiffs cannot be said to be without sufficient standing: They are clearly within the zone of interests to be protected by the statutes in question; if entitled to either mass transportation at a cost no greater than that now paid by the general public, or simply more consideration before the funds at issue are expended, they appear to have alleged sufficient economic injury or harm in fact. More need not be required. *See: United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973), *Ass'n. of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), and *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); *see too, Northwest Residents Ass'n v. Department of H. U. D.,* 325 F.Supp. 65 (E.D.Wis., 1971).

## II. THE PROPRIETY OF PERMITTING THE PLAINTIFFS TO PROCEED AS A CLASS

The complaint that has been filed indicates that the three named plaintiffs would bring this action on behalf of themselves and a class of individuals similarly situated. In accordance with Rule 23(c)(1), Federal Rules of Civil Procedure, the Court will proceed to review the factual circumstances presented and to consider the propriety of permitting the suit to proceed in this fashion.

It is apparent that the pleas for injunctive relief at issue here are based in substantial part upon 29 U.S.C. § 794. *See* part III, *infra.* This statute prohibits certain discriminations in connection with federal grants, and is explicitly intended to protect handicapped individuals as defined at 29 U.S.C. § 706(6):

"(6) The term 'handicapped individual' means any individual who (A) has a physical or mental disability which for such individual constitutes or results in a substantial handicap to employment and (B) can reasonably be expected to benefit in terms of employability from vocational rehabilitation services provided pursuant to subchapters I and III of this chapter. For the purposes of subchapters IV and V of this chapter, such term means any person who (A) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (B) has a record of such an impairment, or (C) is regarded as having such an impairment."

In view of the broad nature of the language quoted above, the Court cannot conclude that the scope of the proposed class is unduly large. On the basis of the record as it exists at this time, the Court finds that this class contains readily-identifiable members too numerous for joinder, that common questions of law and fact exist as to all prospective class members, and that the named plaintiffs are able to adequately protect the interests of all concerned. The Court is of the opinion that this case presents a situation wherein the named defendants and their agents have acted or refused to act on grounds generally applicable to each of the members of the proposed class, and wherein it would be appropriate to consider the claims of these parties as a group.

■ For the reasons stated above, and because only declaratory and injunctive relief is sought, the Court finds that the plaintiffs may proceed as a class under the provisions of Rule 23(b)(2), Federal Rules of Civil Procedure. The class will include the named plaintiffs and all persons in Milwaukee County who suffer from a mobility handicap and who are presently unable to make effective use of the public mass transportation system that is serving Milwaukee County.

■ The Court would address the problem of notice. With due regard for principles of procedural due process, as embodied in the fifth and fourteenth amendments to the United States Constitution, and because the class has been established pursuant to Rule 23(b)(2), F.R.C.P., the Court determines that the

facts of this case are not such as to require that notice be given to these plaintiffs on an individual basis. *See: Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Watson v. Branch County Bank,* 380 F.Supp. 945 (W.D. Mich., 1974). In light of the nature of the injunctive relief that is sought, the Court need not review the various circumstances of the individuals to comprise the class; the fact that certain members of this group may be personally satisfied with the questioned conduct is of no material consequence. *See generally,* 3B Moore's Federal Practice ¶ 23.-40, at pp. 23–651 *et seq.* (1975 Ed.).

## III. THE PROPRIETY OF PRELIMINARY INJUNCTIVE RELIEF

Counsel for the plaintiffs have filed motions for a temporary restraining order and a preliminary injunction. Because notice has been given and a hearing has been held, and because briefs have been submitted on behalf of each party, the Court will consider only the latter of these motions at this time. As a practical matter, the showings required for either type of relief are thought to be quite similar. *See, e. g., Norwalk CORE v. Norwalk Board of Education,* 298 F.Supp. 203 (D.Conn.1968).

Before temporary or preliminary injunctive relief may issue, it is thought that four particular factors are to be considered. *See: Murphy v. Society of Real Estate Appraisers,* 388 F.Supp. 1046 (E.D.Wis., 1975). These factors include:

(1) Plaintiffs' showing that without such relief they will be irreparably injured;

(2) The public interest, on balance;

(3) Possible harm to other interested parties; and

(4) Plaintiffs' likelihood of success on the merits of their contentions.

The Court will proceed to deal with each of these, elements, seriatum, together with the problem of whether a bond is to be supplied if an injunction is to issue.

### A. *Plaintiffs' Showing of Irreparable Injury*

■ The Court has little doubt that sufficient irreparable injury has been demonstrated in the briefs and pleadings that have been filed by plaintiffs' counsel. If the MCTB is allowed to accept one or more of the bids that have been submitted, and thereby enter a contract for construction of the questioned buses, any later determination that the plaintiffs are entitled to further consideration or protection will be subject to the existing contracts for purchase of these added buses—buses that may possibly be of impermissible design. Because it may then be impossible to obtain additional funds for acquisition of proper vehicles, and because the plaintiffs would be forced to endure further deprivations even if added funds were in fact forthcoming, the Court concludes that a substantial threat of irreparable harm is now present.

### B. *The Public Interest, On Balance, and*

### C. *Possible Harm to Other Interested Parties*

■ The Court would deal with the next two elements together, as they appear to be both factually and logically interrelated in the context of this case.

As noted in the thorough briefs that have been filed on behalf of each of the parties, both the public interest and the possibility of unnecessary harm to other persons are critical factors in this suit and deserve serious attention. Certainly the public has a need for the most modern and efficient public transit system that money can buy; the evils of mass transportation by means of the privately owned and operated automobile are manifest. On the other hand, society has a distinct interest in utilizing every possible source of human skill and ingenuity, including the skills and talents of mobility-handicapped individuals. When effectively confined to a single floor, building or city block, not only are the handicapped deprived of the myriad benefits of society, but society is deprived of

the valuable contributions of these otherwise normal human beings. And this deprivation is compounded by the fact that, when unable to fend for themselves, the handicapped must depend upon the public purse for their sustenance. This is a burden that should be inflicted upon neither the mobility handicapped nor society in general.

In sum, it is clear that the public interest stands behind each position that has been asserted; yet if in fact the defendants and their agents have erred in their treatment of the plaintiffs to this suit, the Court is of the opinion that such should be determined prior to the time when the contracts for construction of the buses at issue here are actually consummated. If injunctive relief is improvidently granted, the burden ,upon the defendants and the public might be, at most, several months delay; in contrast, if injunctive relief is improperly denied, the burden upon the plaintiff might be a much greater delay, pending additional funding, together with the burden of a local transportation system which would then include some 100 buses of inadequate design.

After due consideration of the position of each party, the Court concludes that, in terms of the public interest and the threat of possible harm to other parties, justice would be best served by imposition of preliminary relief in favor of the plaintiffs.

**D.** *The Probability of Success on the Merits of the Plaintiffs' Claims*

The two statutes most relevant to the controversy at issue here are 29 U.S.C. § 794 and 49 U.S.C. § 1612(a). These statutes read as follows:

"§ 794. Nondiscrimination under Federal grants

No otherwise qualified handicapped individual in the United States, as defined in section 706(6) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

"§ 1612. Planning and design of mass transportation facilities to meet special needs of the elderly and the handicapped—Congressional declaration of policy

"(a) It is hereby declared to be the national policy that elderly and handicapped persons have the same right as other persons to utilize mass transportation facilities and services; that special efforts shall be made in the planning and design of mass transportation facilities and services so that the availability to elderly and handicapped persons of mass transportation which they can effectively utilize will be assured; and that all Federal programs offering assistance in the field of mass transportation (including the programs under this chapter) should contain provisions implementing this policy."

It is not clear that the plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims that these statutes have been violated in this case. *Compare: Snowden v. Birmingham-Jefferson Cty. Transit Authority*, 407 F.Supp. 394 (N.D.Ala., order entered June 24, 1975).

On the other hand, it is equally unclear whether the defendants have satisfied the rather strict language of the statutes cited above. Pursuant thereto it is necessary that *no* handicapped individual, as defined at 29 U.S.C. § 706(6), be excluded from, denied the benefits of, or be subjected to discrimination under *any* program receiving federal financial aid. Similarly, special efforts *must* be made in the planning and design of mass transportation facilities and services so that their effective availability to elderly and handicapped persons *will be assured.*

These statutes contain broad language, much of which is mandatory in nature. On the basis of the brief argument and testimony that has been heard, the Court is unable to conclude that their burdens have been met by the defendants at this time.

■ Where the balance of hardships tips decidedly in favor of the parties moving for injunctive relief, the Court

may relieve those parties of the burden of showing a substantial probability of success on the merits of their claims, and impose a lesser standard. Where such a lesser standard is applicable, it is sufficient that the movants raise . . .

> " ' . . . questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation' "

*Mytinger & Cassleberry, Inc. v. Numanna Laboratories Corp.*, 215 F.2d 382, 385 (7th Cir., 1954), *quoting Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir., 1953).

Because the Court has found that the balance of hardships does in fact tip decidedly in favor of the plaintiffs in this case, and because substantial, difficult and serious questions have arisen concerning the merits of the plaintiffs' claims, the Court determines that a sufficient albeit less than substantial showing of likelihood of success on the merits of these claims has been presented. *Compare, Burdick v. Miech*, 385 F.Supp. 927 (E.D.Wis., 1974). The injunctive relief that is sought is to issue.

#### E. *The Requirement for a Bond*

Rule 65(c) of the Federal Rules of Civil Procedure demands that this Court consider the necessity of conditioning any grant of preliminary injunctive relief upon submission of some adequate security; this rule reads in pertinent part as follows:

> "(c) Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

Where, as here, suit is brought on behalf of poor persons, preliminary injunctive relief may be granted with no payment of security whatsoever. *See, e. g., Denny v. Health and Social Services Board, etc.*, 285 F.Supp. 526 (E.D.Wis., 1968, 3-Judge Court). This would seem to be true especially where the amount of any order for bond or security would be based upon gross speculation or conjecture, and would have the effect of discouraging suits to remedy more flagrant abuses in federal administrative programs. *See: Bass v. Richardson*, 338 F.Supp. 478 (S.D.N.Y., 1971); *see generally*, 11 Wright & Miller, Federal Practice and Procedure: Civil § 2954 (1973 ed.).

It would appear that whether or not, and in what amount, a security bond is necessary is a matter addressed to the sound discretion of the district judge. *See: Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir., 1972). In view of the rather impecunious status of the plaintiffs in this class, and because the Court determines that the action concerns important social considerations, the Court would exercise that discretion to issue preliminary injunctive relief without imposition of a requirement that a security bond be furnished.

### IV. CONCLUSION

After thorough review of the documents that constitute the written record in this case to date, as amplified by the oral argument that has been heard, and for the reasons set out in the foregoing memorandum opinion,

The Court finds that jurisdictions exists over all defendants named above;

The Court orders that, pursuant to the petition that has been filed on behalf of the named plaintiffs, this action may proceed as a class action under the provisions of Rule 23(b)(2) F.R.C.P., said class to include the named plaintiffs and all persons in Milwaukee County who suffer from a mobility handicap and who are presently unable to make effective use of the public mass transportation system that is serving Milwaukee County;

The Court further orders that, pursuant to the motion that has been filed on behalf of these plaintiffs under the provisions of Rule 65, Federal Rules of Civil

Procedure, the named defendants together with their officers, agents, employees, attorneys, and all persons in active concert or participation with them, are hereby preliminarily enjoined from taking any action to accept any bids that are currently outstanding for the construction of the buses in question here, or taking any other action that is intended to or will be reasonably likely to effect binding contracts in this regard; and

It is further ordered that this preliminary injunction is imposed without the necessity of submission of a bond, and is to remain in effect pending a hearing on the merits of the claims for permanent injunctive relief or other order of this Court.